# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| RICHARD A. RIEVES,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 2:25-cv-02400-SHL-cgc<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER

Before the Court is the Joint Motion to Modify Scheduling Order, filed August 21, 2025. (ECF No. 20.)  In the Motion, the Parties seek to modify the Scheduling Order (ECF No. 14) to extend the August 15 mediation deadline.  (ECF No. 20 at PageID 116.)  After multiple unsuccessful attempts to uncover the source of the banging noise in the Honda Pilot's roof, the Parties have decided to uncover the vehicle itself, conducting a two-week roof deconstruction. (ECF No. 20-1 at PageID 121.)  The Parties request to delay rescheduling their mediation until after the repair is complete, without suggesting a new mediation deadline.  (ECF No. 20-1 at PageID 123.)

A party requesting to extend a deadline after it has already passed must demonstrate both good cause and excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The Court must assess (1) the danger of prejudice to the Parties, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was reasonably within the Parties' control, and (5) whether the Parties acted in good faith.  See Howard v. Nationwide Property Cas. Ins. Co., 306 F. App'x 265, 266–267 (6th Cir. 2009) (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (1993)).

Here, there is little danger of prejudice because both Parties have joined in the Motion. However, a delay of unspecified duration risks a negative impact on this proceeding. On the other hand, some delay is reasonable because the repair of the Honda Pilot will resolve an issue in the case. Additionally, the Parties contend that they have been working diligently to discover the nature of the vehicle's defect, yet have found it necessary to schedule this additional repair. The Parties have acted in good faith by cooperating to select a mediator and to solve the mystery of the source of the noise.

However, the Court will not continue the mediation deadline indefinitely. Because the repair efforts have already begun and will be completed in less than two weeks (ECF No. 20-1 at PageID 123), the Court will set a new mediation deadline of September 18, 2025, that is, four weeks from the date of filing of the Motion.

Thus, finding both good cause and excusable neglect, the Court **GRANTS IN PART** the Motion. The Parties are to undergo mediation by **September 18, 2025**.

**IT IS SO ORDERED,** this 21st day of August, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
